## STATE OF MAINE *vs.* MANLEY ELLIS DODGE.

### Waldo. Opinion December 7, 1886.

*Intoxicating liquors. Nuisance. R. S., c. 17, § 1.*

An indictment which charges a person with keeping and maintaining "a building occupied by himself as a saloon and shop and resorted to for the illegal sale of intoxicating liquors," is not sufficient to bring it within the statute against nuisances, (R. S., c. 17, § 1.)

ON exceptions to the ruling of the court in overruling a demurrer to the indictment, which was as follows :

"The jurors for said state upon their oaths present that Manly Ellis Dodge, of Belfast, in the said county of Waldo, on the first day of January, in the year of our Lord one thousand eight hundred and eighty-five, and on divers other days and times between said first day of January aforesaid, and the first day of November, in the year of our Lord one thousand eight hundred and eighty-five, at Belfast aforesaid, did keep and maintain a common nuisance, to wit: A certain building on Main street in said Belfast, then from the said first day of January aforesaid, to said first day of November aforesaid,

occupied by the said Manly Ellis Dodge as a saloon and shop, and resorted to for the illegal sale of intoxicating liquors, against the peace of the state, and contrary to the form of the statute in such case made and provided."

*Orville D. Baker*, attorney general, and *R. W. Rogers*, county attorney, for the state.

The indictment need not follow the exact language of the statute. If it sets forth the offence in language equivalent to that used in the statute, or substantially follows it, that is sufficient. *State* v. *Hussey*, 60 Maine, 410 ; *Commonwealth of Massachusetts* v. *Rowe*, 1 New England Reporter, 911.

When the statute read " resorted to for the illegal sale," &c., an indictment setting forth that the respondent kept a shop " used for the illegal sale," &c., was held good. *State* v. *Lang*, 63 Maine, 215. It would seem that the rule should work both ways. Had the indictment in that case read " resorted to for the illegal sale," &c., it will not be doubted that the result would have been the same. But the meaning of the statute, as it was there construed, has not been changed. If the phrase " resorted to " when it occurs in a statute means "used," it must needs mean the same when employed in an indictment in a description of the same offence.

And that is what it does mean in this case. It can not be made to mean anything else. To say that a place is "resorted to" for the commission of certain acts, implies that those acts are there committed. If intoxicating liquors were illegally sold in the place kept by the respondent, it follows that the place was "used" for that purpose.

*William H. Fogler*, for the defendant, cited : *State* v. *Hussey*, 60 Maine, 410 ; *People* v. *Allen*, 5 Denio, 76 ; Whart. Crim. Law, § 364 ; *Com.* v. *Stahl*, 7 Allen, 305 ; *Com.* v. *Lambert*, 12 Allen, 177.

DANFORTH, J. This case presents the question as to the sufficiency of an indictment founded upon R. S., c. 17, §1. If sustained, it must be under the first clause of the section, which

so far as necessary for the case, reads as follows, viz. : "All places used . . for the illegal sale or keeping of intoxicating liquors," are common nuisances. By § 2, the keeper or maintainer of such nuisance shall be punished by fine or imprisonment.

The material part of the indictment charges that the defendant " did keep and maintain a common nuisance, to wit : A certain building . . . occupied by the said Manly Ellis Dodge, as a saloon and shop, and resorted to for the illegal sale of intoxicating liquors," &c.

The statute declares buildings used for illegal sale or keeping, &c., nuisances. The indictment alleges that the building was resorted to for that purpose. It is claimed that the two expressions mean the same thing. This can not be. Neither word has any technical meaning attached to it. Both must, therefore, be construed in their ordinary and usual signification. The building may be, and is, used by the occupant or keeper. It is resorted to by other persons. If used for sales, it must be understood that sales are made by the keeper, or under his authority. If resorted to for that purpose, sales may or may not be made, and if made are supposed to be made by the persons so resorting, and here is no allegation that any sales were made, or if so, that they were made by the consent, or knowledge even, of the defendant. He is charged with keeping a saloon and shop. Other persons are charged with resorting to it for the purpose of illegal sales. If such sales are made the evil may be as great as though made by the keeper. But that is not the offence provided by the statute. Besides, he is not charged with keeping the building for any such purpose, and should not be punished for the wrong of others. *Com.* v. *Stahl*, 7 Allen, 304.

The case of *State* v. *Lang*, 63 Maine, 215, relied upon in support of the indictment, is not in point. It does not hold that the phrases "resorted to " and " used for " are of the same meaning, but rather that the proper construction of the statute under which that indictment was found, required the insertion of the words " used for " before the words "illegal sale," and

not the words "resorted to," and hence the words "used for" were properly used in the indictment as more accurately expressing the intention of the statute. Since then, the statute has been changed so as to leave no doubt that the construction then given is the true one, and the indictment in the case at bar should have followed that. *Com.* v. *Howe,* 13 Gray, 26.

> *Exceptions and demurrer sustained.*
> *Indictment adjudged bad.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.